UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAR 17 2010

BROOKLYN OFFICE

KENNETH ELAN,

                    Plaintiff,

    v.

SYMANTEC CORPORATION., d/b/a Norton from
Symantec,
                    Defendant.

Civ. No.:

**10      1213**

**Jury Trial Demanded**

WEXLER

TOMLINSON, M.J.

## CLASS ACTION COMPLAINT

### Nature of the Action

1.      Plaintiff brings this litigation individually, and on behalf of a class of all persons residing in New York State from the earliest date allowable under the applicable statute of limitations through the date of final adjudication of this matter (the "Class" or "Class Members" or "Members") who, without prior lawful notice, have their subscriptions to Norton anti-virus software automatically and unlawfully renewed. As more particularly alleged below, Defendant licenses anti-virus software for one year but then, in violation of GOL 5-903, automatically renews the license without providing plaintiff or other Class Members the lawful opportunity to decline to renew the license.

### Jurisdiction and Venue

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which the Class Members are citizens of a different state than of defendant.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the acts of the defendant occurred in this District.

## The Parties

4.       At all times relevant to this litigation, Plaintiff Kenneth Elan has been a citizen and resident of Port Washington, New York.  In or about 2007, he licensed Norton anti-virus software from defendant.

5.       Defendant Symantec Corporation is a Delaware corporation, with its principal place of business in California.  Defendant is in the business of, among other things, providing anti-virus software to individual computer users.

## Class Action Allegations

6.       Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all New York residents who had Norton anti-virus licenses automatically renewed without prior notice as required by law from the present back to the earliest period for which the statutes of limitations allow.

7.       The Class Members are so numerous that joinder of all Members is impracticable. Although the exact number of Class Members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff reasonably believes there are, at a minimum, hundreds, if not thousands, of Class Members.

8.       Common questions of law and fact exist as to all Class Members and predominate over any questions affecting solely individual Members. Among the questions of law and fact common to the Class are:

(a)       whether defendant automatically renews anti-virus software licenses without the legally required notice and opportunity to decline to renew;

(b)       whether defendant's conduct violates New York General Obligations Law § 5-903;

(c)       whether defendant's conduct violates New York General Business Law

2

§ 349;

(d)        whether Class Members are entitled to declare their renewal of
defendant's anti-virus software license to be void and whether defendant
should be ordered to refund to them charges for the renewed license;

(e)        whether the Class Members are entitled to an injunction compelling
defendant to provide Class Members notice as required by law of their
right to avoid any automatic renewal of the anti-virus software license;

(f)        whether the Class Members have sustained damages and, if so, what is the
proper measure of damages; and

9.        Plaintiff's claims are typical of the claims of the Class Members, as Plaintiff and
the other Class Members sustained damages arising out of the same wrongful conduct by
defendant as alleged herein.

10.        Plaintiff will fairly and adequately protect the interests of the members of the
Class and have retained counsel competent and experienced in class action litigation. Plaintiff
has no interests antagonistic to or in conflict with those of the Class.

11.        A class action is superior to all other available methods for the fair and efficient
adjudication of the controversy since joinder of all Class Members is impracticable. Furthermore,
because the damages suffered by the individual Class Members are relatively small (as compared
to the costs of litigation), the expense and burden of individual litigation makes it impracticable
for the Class Members individually to redress the wrongs done to them. There will be no
difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

12.        Plaintiff licensed Norton anti-virus software from defendant in or about 2007 for a
period of one year and paid the license fee therefor.

13.        Approximately one year thereafter and on or about November 2, 2009, defendant

3

notified plaintiff that it had automatically renewed his license for one year. Prior to the automatic renewals, defendant failed to offer plaintiff an opportunity as required by law to decline to renew the license for another year.

## FIRST CAUSE OF ACTION

### (GOL 5-903)

14.    Plaintiff incorporates in this paragraph the allegations made in ¶¶ 1 through 13.

15.    In violation of GOL § 5-903, defendant automatically renewed plaintiff's license for its Norton anti-virus software without giving plaintiff an opportunity as required by law to decline the extension and charged plaintiff $76.03 therefor.

16.    If plaintiff had notice of an opportunity to decline the automatic renewals as required by law, plaintiff would not have renewed the license.

17.    As a result of the foregoing, defendant has damaged plaintiff.

## SECOND CAUSE OF ACTION

### (GBL 349)

18.    Plaintiff incorporates in this paragraph the allegations made in ¶¶ 1 through 17.

19.    Defendant's practice of automatically renewing Class Members' licenses without affording the Class Members the legally required notice and an opportunity to decline to renew is a deceptive act or practice for purposes of General Business Law § 349.

20.    As a result, each Class Member is entitled to damages to be determined.

4

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

21.    Plaintiff incorporates in this paragraph the allegations made in ¶¶ 1 through 20.

22.    Defendant charged a license fee each time it automatically renewed a Class Member's license without the legally required notice and opportunity to decline to renew the license.

23.    Defendant's conduct violates GOL § 5-903 and GBL § 349.  It is unjust to permit defendant to retain licensee fees illegally obtained.  As a result, defendant should refund all such fees to Class Members.

WHEREFORE, Plaintiff and the Class demand the following relief:

(i) An order that this action is properly maintainable under Fed. R. Civ. P. 23 as a Class Action, and appointing Plaintiff to represent the Class;

(ii) A judgment declaring that plaintiff's and other Class Members' automatic renewals of their Norton anti-virus software license is void;

(iii) A judgment directing defendant advise all Class Members that they may void any past automatic renewals of their Norton anti-virus software license and to refund to such Class Members all amounts paid for such renewals;

(iv) A judgment enjoining Defendant from automatically renewing the licenses of the Class Members Norton anti-virus software without proper notice of their right not to renew;

(iv) A judgment awarding damages to plaintiff and each Class Member, plus pre and post judgment interest;

(v)  A judgment awarding plaintiff's counsel reasonable attorney's fees.

(vi) For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.


Dated: March 17, 2010

BRAGAR WEXLER EAGEL & SQUIRE, P.C.


By:_____
    Jeffrey H. Squire (JS 8910)
    Raymond A. Bragar (RB 1780)
    885 Third Avenue, Suite 3040
    New York, New York 10022
    Tel: (212) 308-5858
    Fax: (212) 208-2519
    squire@bragarwexler.com
    bragar@bragarwexler.com
    Attorneys for Plaintiff