UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH ELAN,<br><br>         Plaintiff,<br> v.<br><br>SYMANTEC CORPORATION,<br>d/b/a Norton from Symantec,[1]<br><br>         Defendant. | 10 Civ. 1213 (LDW) (AKT)<br><br>**DEFENDANT SYMANTEC CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT** |

**DEFENDANT SYMANTEC CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO THE CLASS ACTION COMPLAINT**

Defendant Symantec Corporation ("Symantec" or "Defendant"), by and though its undersigned counsel, hereby answers Plaintiff Kenneth Elan's Class Action Complaint ("Complaint") in the correspondingly numbered paragraphs as follows:

**NATURE OF THE ACTION**

1.  Defendant admits that Plaintiff purports to bring his action as a class action, but denies that class treatment of the asserted claims is proper, and denies the remaining allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and denies them on that basis.

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and denies them on that basis.

**THE PARTIES**

4.  Defendant admits that, in or about 2007, Plaintiff licensed Norton anti-virus

---

[1] This caption is incorrect in that Defendant Symantec Corporation does not "do business as Norton from Symantec." Symantec Corporation neither has, nor is affiliated with, such an entity.

software from Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and denies them on that basis.

5. Defendant admits the allegations in Paragraph 5.

## CLASS ACTION ALLEGATIONS

6. Defendant admits that Plaintiff purports to bring his action as a putative class action, but denies that class treatment of the asserted claims is proper, and denies the remaining allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

## PLAINTIFF'S SUBSTANTIVE ALLEGATIONS

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits that on or about November 2, 2009, Defendant notified Plaintiff that it had automatically renewed his software license for one year, pursuant to the terms of his contract and as previously noticed to Plaintiff.  Defendant denies the remaining allegations in Paragraph 13.

## FIRST CAUSE OF ACTION
### (GOL 5-903)

14. Defendant incorporates in this paragraph the responses provided in ¶¶ 1-13.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

## SECOND CAUSE OF ACTION
### (GBL 349)

18. Defendant incorporates in this paragraph the responses provided in ¶¶ 1-17.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

21. Defendant incorporates in this paragraph the responses provided in ¶¶ 1-20.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies each and every allegation contained in the prayer for relief and specifically denies that Plaintiff or any member of the purported putative class has been injured in any way or is entitled to any form of relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that the Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses:

### First Affirmative Defense

The Complaint, and each claim thereof, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The alleged causes of action are barred, in whole or in part, by the applicable statues of limitations.

### Third Affirmative Defense

The alleged causes of action are barred in whole or in part by the doctrines of ratification, agreement, acquiescence or consent to Defendant's alleged conduct.

### Fourth Affirmative Defense

The alleged causes of action are barred in whole or in part by the doctrines of waiver, estoppel, laches, and unclean hands.

### Fifth Affirmative Defense

The alleged causes of action are barred in whole or in part by the voluntary payment doctrine.

### Sixth Affirmative Defense

Plaintiff and members of the alleged class have failed to mitigate any damages they may have suffered.

### Seventh Affirmative Defense

The alleged causes of action are barred because Defendant acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known to Defendant at the time Defendant acted.

Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, Defendant prays that this Court enter judgment as follows:

1. That judgment be entered in favor of Defendant;
2. That Plaintiff and the purported plaintiff class take nothing from Defendant by the Complaint, and that the same be dismissed with prejudice;
3. For costs, attorneys' fees, and court hearing fees incurred herein;
4. For such other and further relief as this Court deems just and proper.

### Demand for Jury Trial

Defendant hereby demands trial by jury.

Dated: May 13, 2010

Respectfully submitted,
LATHAM & WATKINS LLP

By:  /s/ Blair Connelly
Blair Connelly
885 Third Ave.
New York, NY 10022
Attorneys for Defendant